UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANK TOMASELLO | ) |
| | ) |
| v. | ) |
| | ) Case No.: 09-11889 |
| JAMES PUSATERI | ) |
| | ) |
| | ) |
| Debtor | ) |
| | ) |

## COMPLAINT OBJECTING TO DISCHARGE OF A DEBT

NOW COMES the Plaintiff, FRANK TOMASELLO, by and through his attorneys, STEPHEN FIORENTINO, LTD., and for his Complaint Objecting to the Discharge of the Debtor, JAMES PUSATERI, states as follows:

1. Plaintiff herein, FRANK TOMASELLO, (hereinafter "TOMASELLO") was is a resident of the City of Addison, County of DuPage, State of Illinois.

2. That, Defendant and Debtor herein, JAMES PUSATERI, is a licensed Illinois Real Estate Broker under Illinois license number 475109386 and is also the President of both Broadstone Management and Broadstone Realty.

3. That Broadstone Realty was the listing brokerage representing seller, BANK FINANCIAL, FSB for the sale of property commonly known as 308 W. Lincoln Avenue, Addison, Illinois 60101 and described heretowit as:

LOT 3 IN RICHTER'S RESUBDIVISION, BEING A RESUBDIVISION OF LOT 7, ADDISON TOWNSHIP SUPERVISOR'S ASSESSMENT PLAT NUMBER 13, BEING A PART OF THE WEST ½ OF THE SOUTHWEST ¼ OF SECTION 21, TOWNSHIP 40 NORTH, RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, ALSO LOTS 1, 2, 3, AND 4 IN ANDERONI CONSTRUCTIONS COMPANY'S RESUBDIVISION IN THE SOUTHWEST ¼ OF SECTION 21, TOWNSHIP 40 NORTH , RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED JANUARY 10, 1962 AS DOCUMENT R62-995 IN DUPAGE COUNTY ILLINOIS.

UNDERLYING PIN: 03-21-303-042-0000

COMMONLY KNOWN AS: 308 W. LINCOLN AVE., ADDISON, IL 60101

### (HEREINAFTER REFERRED TO AS "THE PROPERTY")

4. That on August 21, 2008, TOMASELLO entered into a real estate contract for the purchase of property located at 308 W. Lincoln Avenue, Addison, Illinois in the County of DuPage, whereby PUSATERI acted as the seller's real estate broker.

5. That, along with the executed copy of the real estate contract for the property, TOMASELLO gave to PUSATERI a twenty thousand dollar ($20,000.00) draft as earnest money, made payable to BROADSTONE MANAGEMENT, INC. PUSATERI instructed TOMASELLO to make the draft payable to BROADSTONE MANAGEMENT.

6. That on September 15, 2008, the above-referenced transaction was consummated at 350 N. LaSalle Street, in the City of Chicago, County of Cook, State of Illinois at the office of Seller's Attorney, Crowley & Lamb, P.C.

7. That the Title Insurance Company for the transaction was Pro Title Group, Inc.

8. That the property was being purchased as replacement property pursuant to a 1031 Exchange Transaction by TOMASELLO.

9. That at the closing the 1031 Escrowee wired an additional twenty thousand dollars to replace the earnest money which TOMASELLO had paid to PUSATERI out of personal funds.

10. That the Pro Title Agent used the additionally wired funds of $20,000.00 to pay both PUSATERI and the TOMASELLO'S real estate agent their commission fees and PUSATERI represented that he would return the originally deposited $20,000.00 funds to TOMASELLO via overnight delivery Federal Express.

11. That thereafter, PUSATERI failed to return the earnest money deposit and stated in an e-mail of September 30, 2008 that he was unable to do so due to the fact that a levy had been placed on the account on which he was using to hold TOMASELLO'S earnest money. A copy of the e-mail is attached as EXHIBIT A.

12. That on October 9, 2008 TOMASELLO received a money order for $11,000.00 from PUSATERI for partial repayment of the debt.

13. That on October 28, 2008 the Plaintiff-Creditor filed a lawsuit under case no. 2008 M1 185607 in the Circuit Court of Cook County against Debtor and Defendant herein, JAMES PUSATERI, for return of the balance of the earnest money in the amount of $9,000. A copy of the complaint is attached hereto as Exhibit B.

14. That on January 6, 2009, the Circuit Court of Cook County entered a judgment against James Pusateri in the amount of $9,518.73 for the above-referenced lawsuit, which is the debt Pusateri is seeking to have discharged. A copy of the Judgment Order is attached as Exhibit C.

15. That Defendant JAMES PUSATERI, filed for Chapter 7 Bankruptcy before this Court under case number 09-11889 and listed TOMASELLO as a Judgment Creditor, seeking that the Judgment amount of $9,518.73 be discharged in bankruptcy.

16. That Plaintiff-Creditor, by and through his Counsel, attended the creditor meeting of May 28, 2009 at 150 West Jefferson Street, 2nd Floor, Joliet, Illinois.

17. That Debtor Pusateri testified under oath on May 28, 2009 at the meeting of creditors that he deposited Plaintiff's earnest money into a business operating account instead of a real estate brokerage escrow account as required by Illinois law.

18. That the defendants actions amount to a conversion of the Plaintiff's funds insofar as Defendant has (1) asserted unauthorized and wrongful possession of the Plaintiff's funds by depositing them into a business operating account instead of an escrow account, as required by Illinois law, where they would not have been susceptible to levy; (2) Plaintiff has a right to the funds; (3) Plaintiff has an immediate right to the possession of the funds and (4) Plaintiff has made repeated demand for possession of the funds.

19. That Plaintiff has repeatedly requested return of the balance of the earnest money deposit, but the Defendant has failed, neglected and refused to pay the same or any part thereof.

20. That Section 17(a)(2) of the Bankruptcy Act pertaining to debts not affected by discharge provides that a discharge in bankruptcy does not release a debt for money or property obtained by false pretenses or false representations, or for willful and malicious conversion of the property of another.

21. That the debt owned by PUSATERI to TOMASELLO is a debt for money obtained by false pretenses, false representations, and/or by willful and malicious conversion.

WHEREFORE, Plaintiff prays that this Court enter an Order denying the discharge of PUSATERI'S debt of $9518.73 to Plaintiff, FRANK TOMASELLO.

STEPHEN FIORENTINO, LTD.

_____
Attorney for Plaintiff

STEPHEN FIORENTINO, LTD.
221 N. LaSalle Street, Suite 2050
Chicago, Illinois 60601
312.853.0050 (tel.)
312.853-3254 (fax)

4

# EXHIBIT A

**Michael Fiorentino**

---

**From:** Jim Pusateri [jim@Broadstoneinc.com]
**Sent:** Tuesday, September 30, 2008 1:05 PM
**To:** Michael Fiorentino
**Subject:** RE: 308 W. Lincoln Avenue

It appears we had a levy placed on our account, so I am in the process of replacing those funds. I should be able to have cleared the funds for a cashier check for your client For ½ the funds on Thursday, Friday at the latest, with the Balance by the end of next week.

I am so sorry about this, it is a mess right now, but <u>I will have</u> this completely cleared up by the end of next week. I hope you can work with me on this, <u>my business depends on it! I am at your mercy as we work thru this.</u>

Please!!! Tell Frank I will make good!! I am willing to pay him an additional $1000 (5%), if he can agree to this?



***"PROVIDING SOLUTIONS TO YOUR REAL ESTATE NEEDS"***

CONFIDENTIALITY NOTE: The contents of this e-mail and any attachments are intended solely for the use of the addressee(s) named in this message and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this e-mail message is not the intended recipient, or the employee or agent responsible for delivery of the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately by telephone or reply e-mail and destroy this message and any attachments. Thank you.

---

**From:** Michael Fiorentino [mailto:michael@fiorentinolaw.net]
**Sent:** Tuesday, September 30, 2008 11:52 AM
**To:** Jim Pusateri
**Subject:** RE: 308 W. Lincoln Avenue

Jim:

Do you have the cashier checks ready for my client?

Michael Fiorentino
221 N. LaSalle

10/23/2008



Suite 2050
Chicago, Illinois 60601
312.853.0050 tel.
312.853.3254 fax
michael@fiorentinolaw.net

---

**From:** Jim Pusateri [mailto:jim@Broadstoneinc.com]
**Sent:** Monday, September 29, 2008 11:49 AM
**To:** Michael Fiorentino
**Subject:** RE: 308 W. Lincoln Avenue

I spoke with the buyers realtor over the weekend from Springfield and told him I would get this taken care of on Monday when I return. I am on my way back from Springfield, at which time I will be going to our bank to see what took place here. The funds should be there! As soon as I have an answer I will call you directly, and we will give your client cashier checks for these funds! The second check for $10,000 was mailed to your client have him hold it and we will replace with certified funds.

I have no idea at this time what took place here, but we will clear it up!



**"PROVIDING SOLUTIONS TO YOUR REAL ESTATE NEEDS"**

CONFIDENTIALITY NOTE: The contents of this e-mail and any attachments are intended solely for the use of the addressee(s) named in this message and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this e-mail message is not the intended recipient, or the employee or agent responsible for delivery of the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately by telephone or reply e-mail and destroy this message and any attachments. Thank you.

---

**From:** Michael Fiorentino [mailto:michael@fiorentinolaw.net]
**Sent:** Monday, September 29, 2008 11:33 AM
**To:** jim@broadstoneinc.com
**Subject:** 308 W. Lincoln Avenue

Jim:

It has been over two weeks since we closed on the above-referenced deal. You were supposed to over night the refund check for the earnest money deposit of $20,000.00 to my client (which was replaced by other funds at the closing). My client has received one check from you for $10,000.00 which has now been returned for non-sufficient funds. You have also failed to return phone calls to both myself and Mr. Tomasello.

10/23/2008

# EXHIBIT B

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, FIRST DISTRICT

| | |
|---|---|
| FRANK TOMASELLO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BROADSTONE MANAGEMENT, INC., )<br>an Illinois Corporation and BROADSTONE )<br>REALTY, INC., an Illinois Corporation, )<br>JAMES M PUSATERI, individually and )<br>as Agent of BROADSTONE )<br>MANAGEMENT, INC. and )<br>BROADSTONE REALTY, INC. )<br>)<br>Defendants. ) | Case No: |

### COMPLAINT

NOW COMES the Plaintiff, FRANK TOMASELLO, by and through his attorneys, STEPHEN FIORENTNO, LTD., and complaining of Defendants, BROADSTONE MANAGEMENT, INC., BROADSTONE REALTY, INC. and JIM PUSATERI, states as follows:

1. At all times hereinafter mentioned as Plaintiff, FRANK TOMASELLO, (hereinafter "TOMASELLO") was and still is a resident of the City of Addison, County of DuPage, State of Illinois.

2. That Defendant, BROADSTONE REALTY, INC. (hereinafter "Broadstone Realty") is an Illinois Corporation conducting business in the City of Plainfield, County of Will and the State of Illinois.

3. The Defendant, BROADSTONE REALTY is a real estate brokerage with offices at 1206 Plainfield Road, Joliet, Illinois 60435, County of Will and the State of Illinois.

1

4. That Defendant, BROADSTONE MANAGEMENT, INC. (hereinafter "Broadstone Management") is an Illinois Corporation conducting business in the City of Plainfield, County of Will and the State of Illinois.

5. That Defendant, BROADSTONE MANAGEMENT, is a Property Management company conducting business in the City of Plainfield, County of Will and the State of Illinois.

6. That JAMES PUSATERI is a licensed Illinois Real Estate Broker under Illinois license number 475109386 and is also the President of both Broadstone Management and Broadstone Realty.

7. That Broadstone Realty was the listing brokerage representing seller, BANK FINANCIAL, FSB for the sale of property commonly known as 308 W. Lincoln Avenue, Addison, Illinois 60101 and described heretowit as:

LOT 3 IN RICHTER'S RESUBDIVISION, BEING A RESUBDIVISION OF LOT 7, ADDISON TOWNSHIP SUPERVISOR'S ASSESSMENT PLAT NUMBER 13, BEING A PART OF THE WEST ½ OF THE SOUTHWEST ¼ OF SECTION 21, TOWNSHIP 40 NORTH, RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, ALSO LOTS 1, 2, 3, AND 4 IN ANDERONI CONSTRUCTIONS COMPANY'S RESUBDIVISION IN THE SOUTHWEST ¼ OF SECTION 21, TOWNSHIP 40 NORTH, RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED JANUARY 10, 1962 AS DOCUMENT R62-995 IN DUPAGE COUNTY ILLINOIS.

UNDERLYING PIN: 03-21-303-042-0000

COMMONLY KNOWN AS: 308 W. LINCOLN AVE., ADDISON, IL 60101

**(HEREINAFTER REFERRED TO AS "THE PROPERTY")**

8. That on August 21, 2008, TOMASELLO entered into a real estate contract for the purchase of property located at 308 W. Lincoln Avenue, Addison, Illinois in the County of DuPage, whereby PUSATERI acted as the seller's real estate broker. A copy of the real estate contract is attached as Exhibit A.

2

9. That, along with the executed copy of the real estate contract for the property, TOMASELLO gave to PUSATERI a twenty thousand dollar ($20,000.00) draft as earnest money, made payable to BROADSTONE MANAGEMENT, INC. PUSATERI instructed TOMASELLO to make the draft payable to BROADSTONE MANAGEMENT.

10. That on September 15, 2008, the above-referenced transaction was consummated at 350 N. LaSalle Street, in the City of Chicago, County of Cook, State of Illinois at the office of Seller's Attorney, Crowley & Lamb, P.C.

11. That the Title Insurance Company for the transaction was Pro Title Group, Inc.

12. That the property was being purchased as replacement property pursuant to a 1031 Exchange Transaction by TOMASELLO.

13. That at the closing the 1031 Escrowee wired an additional twenty thousand dollars to replace the earnest money which TOMASELLO had paid to PUSATERI out of personal funds.

14. That the Pro Title Agent used the additionally wired funds of $20,000.00 to pay both PUSATERI and the TOMASELLO'S real estate agent their commission fees and PUSATERI represented that he would return the originally deposited $20,000.00 funds to TOMASELLO via overnight delivery Federal Express.

15. That thereafter, PUSATERI failed to timely return the earnest money deposit and stated in an e-mail of September 30, 2008 that he was unable to do so due to the fact that a levy had been placed on the account on which he was using to hold TOMASELLO'S earnest money. A copy of the e-mail is attached as EXHIBIT B.

16. That on October 9, 2008 TOMASELLO received a money order for $11,000.00 from PUSATERI for partial repayment of the debt.

3

17. That DEFENDANTS are improperly holding the remaining balance of $9,000.00 earnest money deposit.

18. That Plaintiff has repeatedly requested return of the balance of the earnest money deposit, but the Defendants and each of them have failed, neglected and refused to pay the same or any part thereof.

19. For those reasons, Defendants became and are indebted to Plaintiff in the sum of $9,000.00 with interest at the rate or 9 % per annum from date of September 15, 2008.

WHEREFORE, Plaintiff prays that this Court enter an Order granting judgment against the Defendants and each of them for $9,000.00 with interest at the rate of 9% per annum from September 15, 2008, and costs of suit including attorney's fees.

STEPHEN FIORENTINO, LTD.

_____
Attorney for Plaintiff

STEPHEN FIORENTINO, LTD.
221 N. LaSalle St., Suite 2050
Chicago, IL 60601
(312) 853-00050
Attorney No.: 11868

# EXHIBIT C

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### FIRST MUNICIPAL DISTRICT

Frank Tomasello

v.

James Rigueira, et al.

LINE NO. 78

No. 08 M1 155407

## TRIAL CALL ORDER

Present before the Court: ☐ Plaintiff(s)  ☐ Defendant(s)  ☑ Plaintiff(s)' Counsel  ☐ Defendant(s)' Counsel

THIS MATTER having come before the Court, the Court having jurisdiction and being fully advised,

IT IS HEREBY ORDERED:

| | | |
|---|---|---|
| 4213 | ☐ | Alias Summons to Issue for _____ |
| 4292 | ☐ | Amended Complaint or Petition - Allowed _____ |
| 4295 | ☐ | Close Discovery - Allowed _____ |
| 4235 | ☐ | File Counterclaim or Cross Complaint - Allowed _____ |
| 4234 | ☐ | File Appearance or Jury Demand Answer or Plead Allowed _____ |
| 4219 | ☐ | Defendant _____ is defaulted; cause set for |
| 4247 | ☐ | PROVE-UP on _____, _____ at _____ a.m./p.m. |
| 4406 | ☐ | Set for STATUS. All parties must appear _____, _____ at _____ m. in Room _____ |
| 4482 | ☐ | Set for TRIAL on _____, _____ at _____ m. in Room _____ |
| 8005 | ☐ | Case Dismissed for Want of Prosecution |
| 8011 | ☐ | Case Dismissed by Agreement of Parties/No Cost ☐ With ☐ Without Prejudice |
| 8031 | ☐ | X-Parte Default Judgment for Plaintiff for $ _____ v. _____ (Defendant) |
| 8001 | ☑ | Judgment for Plaintiff after trial for $ _____ with costs assessed v. _____ (Defendant) |
| 4293 | ☐ | Assess Costs - Allowed |
| 8002 | ☐ | Judgment for Defendant _____ after trial |
| 9207 | ☐ | it being further agreed that installment payments be made as follows: _____ |
| ( ) | | _____ |
| 9208 | ☐ | Order Final and Appealable |
| ( ) | ☐ | See Attached Order: _____ |
| 4304 | | The date of _____ is hereby stricken. |

Atty. No. _____
Name: _____
Atty. for: _____
Address: _____
City/State/Zip: _____
Telephone: _____

ENTERED: Judge Pamela E. Hill Veal

Dated: JAN 0 6 2009

Circuit Court - 1896

Judge                    Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Doc#: 0914829006 Fee: $38.00
Eugene "Gene" Moore
Cook County Recorder of Deeds
Date: 05/28/2009 10:42 AM Pg: 1 of 2